NORTH CAROLINA    FILED    IN THE GENERAL COURT OF JUSTICE
                                   SUPERIOR COURT DIVISION
FORSYTH COUNTY   2022 JUL 29 A 10:33    22-CVS-3605

FORSYTH CO., C.S.C.
BY _____

| | |
|---|---|
| DIANNA W. LANGLEY, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY; GROUP SHORT TERM DISABILITY AND LONG TERM DISABILITY PLAN FOR EMPLOYEES OF NOVANT HEALTH, INC., PLAN NUMBER 502; AND NOVANT HEALTH, INC., | ) ) ) ) ) ) ) ) ) ) |
|     Defendants. | ) |

COMPLAINT

The plaintiff, Dianna W. Langley, complaining of the defendants, alleges the following:

### ACTION

1. This is an action for declaratory, equitable and injunctive relief based on plaintiff's rights to long term disability (LTD) income benefits to which plaintiff is entitled as a result of her continuing total disability. Plaintiff brings this action pursuant to the Employee Retirement Income Security Act of 1974 (hereafter "ERISA"), 29 U.S.C. § 1001 *et seq.*, and more particularly, 29 U.S.C. § 1132(a)(1)(B).

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 1132(e).

3. As set forth below, the group employee benefit plan at issue in this action was administered, and the violations of ERISA alleged herein, occurred within Forsyth County, North Carolina, and venue is therefore proper in this Court.

## PARTIES

4. The plaintiff, Dianna W. Langley, is a disabled resident of Forsyth County, North Carolina. At the onset of plaintiff's disability, plaintiff was an "employee" of defendant Novant Health, Inc., as more fully described below, within the meaning of 29 U.S.C. § 1002(6), and a "participant" of the long term disability plan at issue in this action, as defined by 29 U.S.C. § 1002(7).

5. Defendant Hartford Life and Accident Insurance Company ("Hartford"), is an insurance company based in Connecticut. Hartford does business in North Carolina, providing insurance to cover employee welfare benefit plans, as set forth below.

6. Defendant Novant Health, Inc. ("Novant"), is a medical institution which provides medical services in Forsyth County, North Carolina, in addition to other parts of North Carolina. As alleged above, at the onset of plaintiff's disability, Novant was an "employer" of plaintiff, within the meaning of 29 U.S.C. § 1002(5).

7. Defendant Group Short Term Disability and Long Term Disability Plan For Employees of Novant Health, Inc., Plan Number 502 ("LTD Plan"), is an "employee welfare benefit plan," as defined in 29 U.S.C. § 1002(1), providing long term disability income coverage to plaintiff and other present or former employees of Novant. At all times pertinent to this action, the LTD Plan was insured by defendant Hartford through its Group Insurance Policy, Number GLT-043019.

8. At all times pertinent to this action, Novant was the "Plan Administrator" for the LTD plan, as defined in 29 USC § 1002 (16A), and the "Plan Sponsor" for the LTD Plan, as defined in 29 USC § 1002 (16B).

## THE PLAN

9. Defendant Novant provided group long term disability income for employees under the LTD Plan covered by Hartford. As stated above, the LTD Plan constitutes an "employee welfare benefit plan," as defined in 29 U.S.C. § 1002(1).

10. The LTD Plan, as contained in the plan document, provides that any employee of the employer who becomes totally disabled due to sickness or injury is, after the "Elimination Period," entitled to sixty percent (60%) of her regular monthly earnings for the duration of her total disability up to her "Normal Retirement Age," as defined therein.

## FACTS

11. Plaintiff was born in 1959 and is presently 62 years of age.

12. From approximately 1988 until her disability, plaintiff was employed by Novant. At the time of her disability, plaintiff served as Case Manager in the Psychiatric Department of Novant.

13. In December, 2006, plaintiff was severely injured in an automobile accident, with injuries that were life-threatening and catastrophic, and left her in a coma for over three months. Plaintiff suffered severe damage to the entire left side of her body with multiple broken bones, head trauma, severed carotid artery, and an aortic tear.

14. Due to her injuries and ongoing disability, on or about December 21, 2006, plaintiff became totally disabled from her employment with Novant.

3

15. As a result of her disability, plaintiff applied for and was approved for short term disability (STD) benefits provided by defendants.

16. On or about March 22, 2007, at the expiration of her STD benefits, plaintiff applied for LTD benefits under the LTD Plan and was approved by defendant Hartford for LTD benefits on the finding and conclusion that she was totally disabled from performing the essential duties of her occupation with Novant, effective December 21, 2006. Defendant Hartford's determination was based on the independent opinions and evaluations of plaintiff's condition by her physicians, as well as other evidence of her totally disabling conditions.

17. As a result of her continuing disability and inability to return to work, plaintiff was ultimately terminated from her employment with Novant.

18. Due to her disability, plaintiff also applied for Social Security Disability Income (SSDI) benefits with the Social Security Administration (SSA). Plaintiff was approved for SSDI benefits by the SSA in a decision determining that plaintiff was unable to engage in any gainful and substantial employment activity, and had been totally disabled since December 21, 2006.

19. On or about March 22, 2009, plaintiff was approved for continuing disability benefits by defendant Hartford on the ground that she was unable to perform the essential duties of any occupation.

20. From December 21, 2006, until August, 2018, plaintiff's condition worsened, and she remained totally disabled under the Plan, continuously unable to engage in her employment or any other gainful employment activity.

21. From March 22, 2007, until August, 2018, based on plaintiff's deteriorating medical condition, defendant Hartford continually and repeatedly determined that it was unreasonable to expect plaintiff to return to any full-time gainful employment at any time due to the severity and chronicity of her deteriorating conditions; determined that plaintiff was totally disabled under the LTD Plan; and periodically re-certified her total disability under the LTD Plan procedures based on the consistent findings and reports of plaintiff's physicians, as well as defendant Hartford's consultants and physicians.

22. Nevertheless, contrary to its findings over approximately 12 years, on or about August 28, 2018, defendant Hartford, without prior notice, issued a decision finding that plaintiff was no longer disabled on a physical basis; and on December 18, 2018, defendant Hartford issued a decision that plaintiff was no longer disabled on a psychological basis. Defendant Hartford terminated plaintiff's LTD benefits.

**PLAINTIFF'S APPEAL AND DEFENDANTS' BAD FAITH REVIEW**

23. By letter dated June 7, 2019, plaintiff, through counsel, informed defendant Hartford that she intended to appeal defendant Hartford's termination decisions and requested additional time to permit counsel to investigate her case and present evidence supporting her appeal. Defendant Hartford granted counsel's request.

24. On September 30, 2019, plaintiff, through counsel, appealed defendant Hartford's termination decisions, and submitted substantial documentation in support of her appeal, including medical, vocational and lay evidence demonstrating that her condition had not improved but had worsened since 2006, and that she remained totally disabled from any work activity. Counsel informed defendant Hartford at that time that

5

counsel was awaiting additional medical information from plaintiff's physicians which he would supplement upon receipt.

25. On December 2, 2019, plaintiff, through counsel, requested an additional 45 days extension in order to submit the additional medical evidence which plaintiff had requested, but still not received.

26. On December 3, 2019, defendant Hartford confirmed its receipt of plaintiff's appeal evidence, and informed plaintiff that defendant Hartford would need 45 days in order to complete its review and issue a decision on plaintiff's appeal.

27. On December 11, 2019, plaintiff, through counsel, requested confirmation that plaintiff's request for the 45-day extension, which coincided with Hartford's own extension of 45 days, was granted. Defendant Hartford failed to respond to plaintiff's request for confirmation.

28. On January 6, 2020, defendant Hartford informed plaintiff that defendant would need an additional 45-day extension in order to review the record and render a decision concerning plaintiff's appeal.

29. On or about January 14, 2020, plaintiff, through counsel, finally received the documentation requested of plaintiff's physician, and submitted the physician's statement to defendant Hartford. In his statement, the physician, summarizing specific medical evidence in support of his findings, rendered an opinion that plaintiff continued to be totally disabled from any type of work due to her medical conditions.

30. On or about January 15, 2020, defendant Hartford, through its representative, acknowledged receipt of plaintiff's supplemental evidence from her physician, but stated that the evidence would not be considered because defendant

Hartford's final decision had allegedly been issued on January 10, 2020, although plaintiff had not received such decision.

31. In spite of plaintiff's request for an extension, and Hartford's own statements and representations that it would need two extensions of 45 days each to review the evidence, on January 25, 2020, counsel received defendant Hartford's letter purportedly dated January 10, 2020, denying plaintiff's appeal. Defendant Hartford informed plaintiff in the denial of her appeal that plaintiff was entitled to file civil action challenging the decision on or before January 10, 2023.

32. Defendant Hartford's denial of plaintiff's appeal was based on the reports of Hartford's paid consultants who failed to review or consider the substantial evidence of record.

33. On or about February 4, 2020, plaintiff, through counsel, informed Hartford's representative that at the time of his submission of plaintiff's physician statement, he had not received defendant Hartford's January 10, 2020, letter.

34. On the same date, Hartford's representative responded to counsel's letter of February 4, 2020, providing no explanation as to why plaintiff's counsel had not received the decision until two weeks later than the date it was issued, but reaffirming defendant Hartford's previous position that Hartford would not consider the pertinent evidence of plaintiff's treating physician confirming her total disability.

35. Nevertheless, on February 6, 2020, defendant Hartford confirmed to plaintiff's counsel that it had received plaintiff's critical medical evidence of plaintiff's treating physician, and that the evidence would be assigned for review and consideration by the appeal unit.

7

36. However, on or about February 19, 2020, defendant Hartford, through the same representative who had denied her appeal with the knowledge that plaintiff would be submitting additional medical evidence, advised counsel to "discard our 02/06/2020 letter" from defendant Hartford's appeal unit, and referred counsel to her February 4, 2020, letter.

37. Defendant Hartford's purported denial of plaintiff's appeal at a time when defendant Hartford knew that plaintiff would be submitting additional medical evidence during the extended time period it had established for its own review, and its decision to ignore and refuse to consider integrally relevant evidence confirming plaintiff's total disability by her treating physician, was arbitrary and capricious and constituted an abuse of discretion, violating plaintiff's procedural rights.

38. Defendant Hartford's decision denying plaintiff's appeal and affirming the termination of her LTD benefits was arbitrary and capricious and constituted an abuse of discretion, in violation of her substantive rights to a fair and reasonable determination of her appeal of the termination of her LTD benefits.

39. Since the final decision of defendant Hartford denying plaintiff's appeal of the termination of her LTD benefits, plaintiff's condition has continued to deteriorate. In fact, over the last two years, plaintiff has been hospitalized, either through the emergency room or through admission, on at least 10 occasions, and has had at least four surgical procedures.

40. On May 18, 2022, plaintiff, through counsel, submitted plaintiff's Supplemental Statement and medical records concerning her condition and treatment since 2020. Defendant Hartford refused to consider such evidence.

41. From the time of defendant Hartford's termination of plaintiff's LTD benefits through the present, plaintiff has remained totally disabled from any substantial gainful work activity, and has continuously suffered excruciating pain and functional immobility, which have only worsened with age.

42. Based on the substantial medical and vocational evidence, the Social Security Administration has continuously certified that plaintiff is totally and permanently disabled from all substantial and gainful employment activity, and has continuously provided Social Security disability income benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.*

43. Plaintiff has exhausted all review procedures provided by the LTD Plan.

44. Upon information and belief, The Hartford's denial of LTD benefits to plaintiff, despite the overwhelming evidence of plaintiff's continuing disability, is part of a pattern and practice by defendant Hartford of ignoring evidence of total disability and denying disability benefits to disabled claimants without reasonable basis in order to reduce its costs and enhance its profits. In addition, defendant Hartford has a conflict of interest in that defendant Hartford would be required to pay plaintiff's benefits under the LTD Plan. Accordingly, defendant Hartford's decision should be reviewed by this Court on a *de novo* basis.

## CLAIM FOR RELIEF
### LTD Benefits

45. Plaintiff hereby incorporates the foregoing paragraphs as if fully set forth herein.

46. As stated above, plaintiff was totally disabled from her employment with Novant and met the conditions of coverage under the LTD Plan; and has remained totally disabled up to the present date. Accordingly, plaintiff is entitled to long term disability benefits for the period of her continuing total disability.

47. As a direct and proximate result of defendants' violations of ERISA, plaintiff has suffered a loss of LTD benefits to which she was entitled under the LTD Plan as a disabled employee of Novant.

48. Plaintiff is entitled to declaratory, equitable and injunctive relief establishing plaintiff's entitlement to past and future LTD income benefits on a monthly basis for the maximum duration of her total disability.

49. Plaintiff is entitled to recover her attorney's fees and costs for her representation herein pursuant to 29 U.S.C. § 1132(g).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests the following relief:

A. That the Court issue a declaratory judgment that plaintiff is entitled to long term disability benefits under the LTD Plan from the date of defendant Hartford's termination of her benefits continuing through her disability;

B. That plaintiff recover of defendants, jointly and severally, all benefits to which she is entitled under the LTD Plan;

C. That plaintiff recover pre-judgment and post-judgment interest on all amounts recovered herein;

D. That plaintiff recover the costs of this action, including reasonable attorneys' fees for her representation herein pursuant to 29 U.S.C. § 1132(g); and

E.  That this Court award such other relief as it deems just and proper.

This the 29th day of July, 2022.

*/s/ Robert M. Elliot*
Robert M. Elliot (7709)
Attorney for Plaintiff
Elliot Morgan Parsonage, PLLC
426 Old Salem Road
Winston-Salem, North Carolina 27101
Telephone: (336) 724-2828
rmelliot@emplawfirm.com


Daniel C. Lyon (43828)
Attorney for Plaintiff
Elliot Morgan Parsonage, PLLC
300 East Kingston Ave, Suite 200
Charlotte, North Carolina 28203
Telephone: (704) 707-3705
dlyon@emplawfirm.com